CECILIO TIRADO RIVERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1151.—*Sometido:* Octubre 2, 1944. *Resuelto:* Noviembre 13, 1944.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El recurrente vendió una finca rústica por precio de $1,600, de los cuales recibió en el acto del otorgamiento de la escritura $1,400, obligándose el comprador a pagar los $200 restantes en dos plazos de $100 cada uno, pagadero el primero en el término de un año y el segundo en el de dos años a contar desde el otorgamiento de la escritura. Para garantizar el pago del precio aplazado y sus intereses, el comprador gravó y afectó a favor del vendedor las cosechas de café de los años 1945 y 1946 y si éstas no fuesen suficientes las sucesivas cosechas hasta el total pago de la deuda, debiendo anotarse el gravamen en el Registro de Contratos Agrícolas de Añasco.

Presentada la escritura para su anotación en el Registro de Contratos Agrícolas, el registrador la denegó por las razones expuestas en la nota recurrida, que lee así:

"Denegada la anotación de este documento en el Registro de Contratos Agrícolas, por no comprender el mismo contrato alguno de refacción agrícola o molienda de cañas anotable en el citado registro, tomándose la correspondiente anotación preventiva por el término legal al folio 59 del tomo 2 del Registro de Contratos Agrícolas. Mayagüez, agosto 31 de 1944. $0.75 Ley de Contratos Agrícolas. (firmado) Guillermo H. Moscoso, Registrador Sust. (Aparecen sellos de rentas internas por valor de 75 centavos debidamente cancelados)."

Alega el recurrente: (*a*) que el registrador erró al sostener que el convenio celebrado entre el recurrente y su comprador no es un contrato de refacción agrícola que pueda ser anotado en el Registro de Contratos Agrícolas; (*b*) que bajo la ley de marzo 10 de 1910, sobre contratos de refacción agrícola, "no es necesario que el acreedor pruebe que

el dinero o préstamo hecho al terrateniente se invierta específicamente en la finca'', bastando que las partes convengan que existe cierto préstamo entre ellas y que para garantizar su devolución se afectan los frutos de determinada finca; y (c) que la citada ley de 1910 exige una interpretación que no sea restrictiva, pues el propósito de la misma es ampliar el crédito territorial autorizando a los agricultores a utilizar sus cosechas para levantar fondos.

 Un cuidadoso estudio de la ley nos lleva a la conclusión de que la nota recurrida debe ser confirmada. La sección 1 de la Ley núm. 37 de marzo 10, 1910, según fué enmendada por la Ley núm. 66 de agosto 1, 1925, (Comp. Est. Rev. 1941, págs. 1170 a 1172) define el contrato de refacción agrícola como ''aquél mediante el cual una de las partes entrega y la otra recibe, con carácter devolutivo, determinadas cantidades de dinero efectivo o en especies . . . *para atender a la administración, sostenimiento, cultivo y mejoramiento de fincas rústicas* . . . quedando afectos y gravados los frutos de las mismas fincas al pago de las cantidades recibidas, con los intereses acordados''.

La sección 4 de la misma ley (Leyes de 1925, pág. 349) dispone que el contrato de refacción agrícola, tendrá preferencia a los créditos posteriores, excepción hecha de las contribuciones, en cuanto a los frutos objeto del gravamen, desde la fecha de su presentación en el registro y durante los años comprendidos en el contrato y hasta que al acreedor le sea completamente satisfecho su crédito.

Por la sección 7 de la ley original, enmendada por la Ley núm. 148 de 15 de mayo de 1937 (Leyes de 1936–37, pág. 393), se instituye un ''registro de contratos agrícolas'', en el cual ''serán anotados, a instancia de cualquiera de las partes, los contratos a que esta Ley se refiere''. La sección 8 dispone que ''las anotaciones y notas marginales practicadas en el Registro de Contratos Agrícolas, perjudicarán y obligarán a tercero desde la fecha de presentación de los documentos correspondientes.''

Es evidente que el propósito fundamental de la ley de 1910, sobre contratos de refacción agrícola, es el de permitir al agricultor que necesite fondos para atender al sostenimiento, cultivo o mejoramiento de su finca tomar esos fondos a préstamo, dando como garantía los frutos producidos por la misma finca; y dar al prestamista las preferencias que establece la sección 4 de la ley.

El contrato presentado por el recurrente para su inscripción es un simple contrato de compraventa, en el que el comprador pagó parte del precio y se comprometió a pagar el resto en los dos plazos convenidos, garantizando el pago con un gravamen sobre dos cosechas futuras de la finca objeto del contrato. En la escritura ni siquiera se dice que los $200 pendientes de pago fueran retenidos por el comprador para invertirlos en la administración, sostenimiento, cultivo y mejoramiento de la finca, condición necesaria para que el contrato pueda ser considerado como un "contrato de refacción agrícola," sujeto a las disposiciones y con derecho a los beneficios y preferencias que concede la ley que estamos considerando. Si sostuviéramos que un simple contrato de compraventa, como el envuelto en este recurso, es inscribible en el "Registro de Contratos Agrícolas", tendríamos que sostener que un contrato para la compra de un automóvil, en el cual se garantiza el pago del precio con un gravamen sobre las cosechas o frutos de una finca, debe también ser inscrito en dicho registro.

Convenimos con el recurrente en que en caso de litigio sobre un contrato de refacción agrícola el acreedor no está obligado, para sostener su preferencia, a probar que el dimero prestado por él al terrateniente fué realmente invertido en mejorar la finca objeto de la refacción. Así lo resolvió este tribunal en *Gómez* v. *American Colonial Bank*, 34 D.P.R. 148. Empero, el acreedor debe probar que el contrato celebrado entre él y el agricultador fué el que se define en la sección 1 de la ley de marzo 10 de 1910 sobre con-

tratos de refacción agrícola o sea que el dineró fué prestado por él para atender a la administración, sostenimiento, cultivo y mejoramiento de la finca de su deudor.

*No siendo el contrato presentado en este caso uno de refacción agrícola, el registrador procedió correctamente al denegar la anotación solicitada, debiendo por tanto confirmarse la nota recurrida.*